*58 OPINION OF THE COURT
Irene J. Duffy, J.
This case involved questions regarding the extent to which the social worker privilege found in CPLR 4508 should protect a defendant in a criminal trial involving child sexual abuse and rape from disclosing his inculpatory admission confidentially made to a certified social worker.
FACTS
The defendant was charged with several counts of sexual abuse, first degree, and rape, first degree, allegedly committed on his then nine-year-old daughter during a six-month period from September 1986 to February 1987. Evidently these activities continued throughout most if not all of the period without detection and without complaint by the child. Sometime in February 1987 the child disclosed the matters to her maternal grandmother, who in turn confronted the defendant with her knowledge of his activities. Apparently because of that confrontation, the defendant visited the offices of the Morrisania Mental Health Clinic on February 20, 1987 and there spoke to Pedro Archival who is a certified social worker. After being told by Mr. Archival that his statements would be confidential, the defendant made admissions concerning his sexual abuse of his nine-year-old daughter. Prior to trial, the People indicated their intention of introducing the defendant’s admissions to the social worker during their direct case and requested an in limine evidentiary ruling on its admissibility.
Recognizing the critical importance of such a ruling to both sides, an in limine hearing concerning the certified social worker privilege and its applicability in the factual setting of this case was held before me. The defendant who has the burden of establishing the privilege testified, as did the social worker, Pedro Archival, and Dr. Donald Brown, the psychiatrist who was in charge of the Morrisania Mental Health Clinic. There is no dispute that the social worker was certified in the State of New York within the meaning of CPLR 4508. He was required, however, by the clinic’s policy to consult with a psychiatrist concerning any severe psychiatric problems. In addition all diagnostic conclusions and treatment plans made by the social worker had to be approved by a psychiatrist. There is also no dispute that the defendant came to the Morrisania Mental Health Clinic seeking help for himself and had paid an initial fee for the services. When he *59 arrived at the clinic, the defendant asked to speak with a male doctor but met instead with the certified social worker who assured him that what he had to say would be confidential. The defendant then told the social worker that he and his nine-year-old daughter had gone to bed naked on several recent occasions. He described how on these occasions the child’s oiled naked body was on top of his naked body in bed. He, however, denied that there was ever any penetration. After being told of these activities the social worker advised the defendant that the law required him to report the defendant’s statement to the New York State Child Abuse and Maltreatment Central Register in Albany (Central Register). This was done, although the record does not disclose the exact date when the report by Mr. Archival was made. It is also clear that the social worker after listening to the defendant was concerned for the safety of the child because he believed the sexual activities between father and daughter would probably continue. There was, however, no statement to Mr. Archival made by the defendant that he intended to continue the sexual activities with his daughter in the future. His entire statement concerned his past sexual activities. Four days later, when the defendant came for his next scheduled appointment with the certified social worker, he made no further reference to these sexual activities with his daughter but merely voiced his anxieties about the matter, and in particular about the fact that the social worker had reported the matter to Central Register.
DISCUSSION
The defendant argues that at a minimum the social worker privilege prevents disclosure of the incriminating statements.[1]
The People argue that the social worker’s privilege is not applicable to criminal prosecutions because the social worker is mandated by law to report these admissions of child sexual abuse to the Central Register. (Social Services Law § 413); and also because the statements are permitted to be disclosed by the social worker in Family Court child abuse proceedings, pursuant to an exception provided in the Family Court Act. (Family Ct Act § 1046 [a] [vii].)
*60 The social worker privilege was unknown at common law. The Legislature created the privilege in CPLR 4508 in order to improve the effectiveness of treatment of clients by social workers (see, NY State Budget Report on Bills, 1965, re: Senate Bill S-3068, House Bill 4918) and also carved out certain exceptions for its applicability. Section 413 of the Social Services Law, for example, requires that certain professionals, including psychiatrists and social services workers, who have reasonable cause to believe a child is abused or maltreated, report this to the Central Register in Albany or be subjected to criminal and civil liability. They must report the incident even when the facts are learned from a parent who, as here, comes before them in their professional capacity. The Legislature has also provided that the privilege is not applicable to Family Court child protective proceedings. (Family Ct Act § 1046 [a] [vii].) The fact that the social worker was mandated to report the defendant’s statements to the Central Register is hardly a waiver of his privilege made by the defendant and should have no bearing on its use in his criminal prosecution.
Nor can it fairly be said that the clear legislative intent in modifying the rules of evidence in Family Court child protective proceedings was meant to apply equally to criminal cases. These matters (i.e., family and criminal cases) are clearly distinguishable. Family Court child protective cases are civil in nature and have as their purpose the protection of the child and not, as in criminal cases, the punishment of the offender which may perhaps deprive him of his liberty. For this court to even suggest that the Legislature intended to restrict the use of the social worker privilege in criminal prosecution would in my opinion be impermissible legislation by the court.
The People further argue that even assuming the privilege is initially applicable, it comes within the exception for communications revealing the contemplation of a crime or harmful act as set forth in CPLR 4508 (a) (2) and as applied in People v O’Gorman (91 Misc 2d 539 [Sup Ct, Suffolk County 1977]).
This argument is not supported by the facts established at the hearing. Moreover, the case of People v O’Gorman (supra) and the statutory exceptions in CPLR 4508 (a) (2), relied upon by the People, are clearly distinguishable. The communications in People v O’Gorman (supra) were actually one of the transactional elements in the commission of the crime charged (i.e., the misrepresentation to a social worker in an *61 effort to receive public assistance). It has long been the law that the "seal of personal confidence can never be used to cover a transaction which is in itself a crime.” (People v Farmer, 194 NY 251, 269 [1909].) The transactional elements required for the crimes charged here (i.e., rape and sexual abuse) were not the mere words and statements made to the social worker as was the case with the O'Gorman misrepresentations. The gravamen of these crimes were actions not words. In addition, there was no evidence presented at the hearing that the defendant made any statements to the social worker indicating that he would, or even feared he would, continue his sexual activity with his daughter. Indeed, the only suggestion that the activities might continue in the future was the testimony of the social worker that he was concerned it would continue. Even though that opinion of the social worker may have had a reasonable basis, it does not make the underlying admission into a communication revealing the contemplation of a crime or harmful act within the meaning of the statutory exception as argued by the People.
In conclusion, under the facts presented, the defendant has met his burden in proving the applicability of the social worker[2] privilege. The defendant has in my opinion proven evidence that:
1) The statements were made by the defendant to a certified social worker acting in his professional capacity;
2) The statements were made to enable the social worker to assess the defendant’s mental health problems and to thereby act in his professional capacity;
3) The statements were intended by the defendant to be confidential. Indeed but for the exceptional nature of the statements (dealing with child abuse) which mandated disclosure by the social worker to the Central Register, the statements might well have never become known to the prosecutor, and never have become the subject of this hearing;
4) The information in the defendant’s statements was necessary for treatment by the clinic. In determining this, it is immaterial that as here, treatment was never actually given by the clinic.
Accordingly, the statutory social worker-client privilege is applicable and the People may not disclose the statements. In *62 so ruling I am aware that the defendant may now hide behind this privilege and make a false defense. This is always troubling in that it subverts the truth. It would seem to fulfill the legislative purpose, however, for the social worker privilege to be used defensively permitting the statement to be excluded on the People’s direct case. More troubling is the prospect that the defendant, shielded by the statutory privilege as now written, may be encouraged to perjure himself in order to enhance his false defense. As presently written, the statute would seem to prohibit the People from bringing up the privileged statement even when a defendant testifies denying the acts to which he had already admitted in the privileged statement. The defendant, shielded by the privilege, could thus bolster his false defense (that the child lied) without fear of even being cross-examined concerning his prior inconsistent statement. Should the statutory privilege be allowed to shield a criminal defendant in such manner? Or are their special necessities in criminal cases involving sexual abuse of children which would justify restricting the application of this and similar privileges?
An analysis of this problem must begin with an understanding of the unique nature of cases involving sexual abuse of children.
One of the crucial factors in all criminal cases involving sexual crimes is of course the credibility of the victim. Because these cases often turn on the credibility factor they are difficult to prove. These cases are, however, far more difficult to successfully prosecute where, as here, the victim of the sex crime is a young child.
Young children for reasons of embarrassment and even shame are often reluctant to voice prompt complaint particularly where the defendant is a family member. Because of their often delayed complaint there is seldom strong scientific evidence to corroborate their testimony regarding the sexual attacks. Indeed, it is not uncommon to have no scientific evidence at all. A mature victim is far more likely, on the other hand, to make a prompt complaint and to undergo a prompt physical examination enabling the prosecution to preserve semen, blood and other evidence which would corroborate the victim’s account. Additionally, it is not uncommon for the child victim particularly where the defendant is a family member to succumb to family pressure and recant at a later time.
*63 Moreover, in the criminal prosecutions of this nature the child, whose vocabulary is often not as descriptive as that of a mature person, must withstand the hostile environment of the courtroom. The child is there confronted not only with the accused who may as here be her own father, but also with strangers including the Judge, jury and attorneys. In this setting the child witness is again asked to recount the sexual experience about which the child is usually very embarrassed. The child is then often subjected to extensive cross-examination made with the prime objective of discrediting the child’s testimony in order to establish reasonable doubt in the jurors’ minds. It is not so unusual in such a setting for the child witness to refuse to testify at all.
For those who claim that allegations of sexual abuse are easily made and difficult to disprove — an awareness of these unique problems in such criminal cases may provide new insights. A privilege should, of course, never be allowed to extend so far that the administration of justice is seriously impaired. Yet this may be what has happened in such cases.
Although critical of the use of the statutory privilege in such cases particularly where it encourages perjury, I believe a change in the law must come from the Legislature and not the courts. I suggest it may now be time for a reevaluation by the Legislature that should balance society’s interest in assuring the defendant a fair trial and upholding his basic rights with the public interest in punishing those who violate the law against child sexual abuse. It is for the Legislature to decide whether or not the statutory privilege, as now written, extends too far.

. The defendant also argues that the psychologist privilege and the psychiatrist privilege apply. Although the record supports the applicability of the psychiatrist privilege the court felt no need to consider it in depth in this case, since the court found that the statements were already protected by the social worker privilege.

. As previously noted the psychiatrist privilege is also most probably applicable because the social worker was acting under the guidance of a psychiatrist.